**Delvin WILLIAMS, Jr., an individual, on behalf of himself and on behalf of the Bert Bell–Pete Rozelle NFL Player Retirement Plan and the NFL Player Supplemental Disability Plan, Plaintiff—Appellee,**

v.

**RETIREMENT BOARD OF THE BERT BELL–PETE ROZELLE NFL PLAYER RETIREMENT PLAN AND THE NFL PLAYER SUPPLEMENTAL DISABILITY PLAN; William V. Bidwell; Thomas J. Condon; Eddie J.**

**Jones; Taylor Smith; Leonard Teeuws; Jeffrey Van Note, individuals, as members of the Retirement Board of the Bert Bell–Pete Rozelle NFL Player Retirement Plan and the NFL Player Supplemental Disability Plan, Defendants—Appellants.**

No. 02–16093.

D.C. No. CV–98–21071–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2003.

Decided March 28, 2003.

MEMORANDUM *

1. We review the Board's decision for abuse of discretion, because the Plan grants discretion to the Board. *Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan*, 310 F.3d 1173, 1177 (9th Cir.2002). The Board's decision must be upheld where, as here, substantial evidence in the record supports it. *McKenzie v. Gen. Tel. Co. of Cal.*, 41 F.3d 1310, 1316–17 (9th Cir.1994).

First, medical evidence supports the determination. Dr. Holmboe found, in 1983, that Plaintiff was able to engage in "supervisory employment." Dr. Harrington opined in 1984 that Plaintiff was disabled only with respect to "work which involves any significant requirement for lifting, stooping, stretching, bending, prolonged

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

standing or walking." By implication he thus agreed with Dr. Holmboe that Plaintiff could perform supervisory or other sedentary work. In 1997, Dr. Harrington wrote that, as of May 1995, Plaintiff's "findings, symptoms, and disabilities continued unchanged"—i.e., his physical condition had not worsened—since 1984.

Second, Plaintiff's work history supports the Board's determination. Plaintiff earned a salary, listed his profession as "Executive," and worked for three employers, until resigning due to medical problems. Actual employment in sedentary positions demonstrates employability in such positions.

2. It follows that the district court also erred in awarding attorney's fees and costs to Plaintiff.

REVERSED.

BERZON, Circuit Judge, concurring.

I concur for the reasons stated in the paragraph beginning: "First, medical evidence supports the determination." I do not believe the court should rely on Mr. Williams' employment history. The Board did not investigate the exact nature of his employment. The Plan therefore could not and did not ascertain either (1) whether Mr. Williams actually did substantial work (as opposed to being paid for occasional appearances or for lending his name to an organization); or (2) whether his employment fit within one of the exceptions contained in the Plan's definition of "occupation or employment for remuneration or profit."